**Nate McConnell**
**McConnell Law Offices, PLLC**
712 Howell St.
Missoula, MT 59802
Phone: 406-214-2445
Email: nate@natemcconnelllaw.com

**David J. Steiner**
(*seeking admission pro hac vice*)
**Lazzaro Law Firm**
34555 Chagrin Boulevard, Ste. 250
Moreland Hills, OH 44022
phone 216-696-5000
david@lazzarolawfirm.com

**Attorneys for Plaintiff**

## UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| JOSH EDLER,<br><br>     Plaintiff,<br><br>v.<br><br>SHRI GANESH YELLOWSTONE, LLC;<br>GANESHAY BOZEMAN, LLC;<br>PURVISH SONI,<br><br>     Defendants. | **Case No.** CV-25-19-BU-JTJ<br><br><br>**COMPLAINT & DEMAND FOR JURY TRIAL** |

Now comes Plaintiff, Josh Edler, by and through counsel, and for a Complaint against Defendants Shri Ganesh Yellowstone LLC, Ganeshay Bozeman, LLC, and Purvish Soni, states and alleges the following:

**INTRODUCTION**

1.      Plaintiff brings this lawsuit as a result of Defendants' failure to pay Plaintiff overtime compensation at the rate of one and one-half times his regular rate of pay for all of the hours he worked over 40 in a workweek, as well as Defendants' retaliatory termination of Plaintiff, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219 and Mont. Code §§ 39-2-901 to 39-2-905.

**JURISDICTION AND VENUE**

2.      The Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331.

3.      The Court has supplemental jurisdiction over Plaintiff's state law wrongful termination claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

4.      Venue lies in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in or around Bozeman, Montana within this District and Division.

**PARTIES**

5.      At all times relevant herein, Plaintiff was a citizen of the United States and a resident of Montana.

6.      At all times relevant herein, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

7.      At all times relevant herein, Defendants Ganeshay Bozeman, LLC and Shri Ganesh Yellowstone LLC conducted business in Montana.

8. At all times relevant herein, Defendant Ganeshay Bozeman, LLC and Shri Ganesh Yellowstone LLC were both employers of Plaintiff within the meaning of 29 U.S.C. § 203(d).

9. At all times relevant herein, Defendant Ganeshay Bozeman, LLC and Shri Ganesh Yellowstone LLC were both enterprises within the meaning of 29 U.S.C. § 203(r).

10. At all times relevant herein, Defendants Ganeshay Bozeman, LLC and Shri Ganesh Yellowstone LLC were enterprises engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1).

11. At all times relevant herein, Plaintiff was an employee engaged in commerce within the meaning of 29 U.S.C. § 203(e).

12. At all times relevant herein, Defendant Purvish Soni was an Employer of Plaintiff within the meaning of 29 U.S.C. § 203(d).

## FACTUAL ALLEGATIONS
**(Failure to Pay Overtime Compensation)**

13. Plaintiff was employed by Defendants from approximately June 2022 until February 2024. He worked full time for Defendants from approximately September 2022 until February 2024.

14. Defendants own and operate motels, and Plaintiff worked as a maintenance employee at Defendants' motels located in Bozeman and Livingston, Montana.

15. Plaintiff first worked at the Livingston motel, then began working at both the Livingston and Bozeman motels in early 2023.

16. Upon information and belief, Defendant Soni has an ownership interest in Defendants Ganeshay Bozeman, LLC and Shri Ganesh Yellowstone LLC and

- 3 -

had operational control of significant aspects of the corporations' day to day functions.

17.    In early 2023, Defendant Soni personally instructed Plaintiff that he would be now working at both hotel locations, and told Plaintiff what his pay rate would be for working at both hotels.

18.    Defendants payed Plaintiff a salary wage and classified him as "exempt" from the FLSA's overtime requirements during his entire employment with Defendants.

19.    As a maintenance employee, Plaintiff's primary duty was not management, nor was it managing a customarily recognized department or subdivision of Defendants.

20.    As a maintenance employee, Plaintiff did not have authority to hire, fire, or promote employees.

21.    As a maintenance employee, Plaintiff's primary duty did not include the exercise of discretion and independent judgment with respect to matters of significance.

22.    Plaintiff worked over 40 hours per week, but Defendants failed to pay Plaintiff overtime compensation for the hours he worked over 40 in a workweek.

23.    Defendants knowingly and willfully failed to pay Plaintiff overtime compensation for the hours he worked over 40 in a workweek.

24.    Plaintiff worked in excess of 1800 hours of overtime for which he was not compensated while employed full time by Defendants during the period of September 2022 until February 2024.

## COUNT ONE
### (Fair Labor Standards Act Violations)

25.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

26.     Defendants' failure to pay Plaintiff overtime compensation at a rate of one and one-half times his regular rate of pay for all of the hours he worked over 40 in a workweek violated the FLSA, 29 U.S.C. §§ 201-219.

27.     By engaging in the above-mentioned activities, Defendants willfully, knowingly and/or recklessly violated the provisions of the FLSA.

28.     As a result of Defendants' practices and policies, Plaintiff has been damaged in that he has not received overtime due to him pursuant to the FLSA.

## COUNT TWO
### (Fair Labor Standards Act Violations - Retaliation)

29.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

30.     On or around January 19, 2024, Plaintiff engaged in the protected activity of filing an overtime complaint with the Montana Department of Labor and Industry.

31.     Defendants were aware of this protected activity because it was common knowledge in the workplace, and because Plaintiff specifically informed his supervisor Serina that he filed this complaint.

32.     Plaintiff was extremely qualified for the maintenance worker position that he held with Defendants and he excelled at his position.

33.    Defendants terminated Plaintiff on or around February 7, 2024 in retaliation for Plaintiff engaging in the protected activity of filing an overtime complaint with the Montana Department of Labor and Industry

34.    Plaintiff's termination violated the FLSA, 29 U.S. Code § 215.

35.    Plaintiff has suffered economic damages and emotional distress as a result of Defendants' retaliatory conduct.

## COUNT THREE
### (State Law – Wrongful Discharge From Employment)

36.    Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

37.    Plaintiff was a non-probationary employee and non-managerial and non-supervisory employee under § 39-2-904, MCA.

38.    Defendants terminated Plaintiff in retaliation for reporting a violation of public policy found in overtime laws in the FLSA (29 U.S.C. §§ 201-219) and in Montana state law (§ 39-3-405, MCA.) As such, Plaintiff's termination violated § 39-2-904(1)(a), MCA.

39.    Defendants terminated Plaintiff's employment not for good cause. As such, Plaintiff's termination violated § 39-2-904(1)(b), MCA.

40.    Defendants' termination of Plaintiff was done with actual malice.

41.    As a result of Defendants terminating Plaintiff not for good cause, and in retaliation for reporting a violation of public policy, Plaintiff is entitled to damages, including lost wages and fringe benefits and punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court:

A.      Award Plaintiff actual damages for unpaid overtime compensation, lost wages, and

emotional distress under the FLSA;

B.      Award Plaintiff liquidated damages equal in amount to the unpaid overtime

compensation, lost wages, and emotional distress found due to Plaintiff under the

FLSA;

C.      Award Plaintiff lost wages and fringe benefits and punitive damages for his wrongful

termination under Montana law.

D.      Award Plaintiff pre- and post-judgment interest at the statutory rate;

E.      Award Plaintiff attorneys' fees, costs, and disbursements; and

F.      Award Plaintiff further and additional relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

 /s/ Nate McConnell
Attorney for Plaintiff

Respectfully submitted,

_____
Nate McConnell, Attorney for Plaintiff

- 7 -