Alissa M. Mellem, MT 12656
Leah E. Trahan, MT 56104993
PARSONS BEHLE & LATIMER
127 E. Main Street, Suite 301
Missoula, Montana 59802
Telephone: 406.317.7220
Facsimile: 801.536.6111
LTrahan@parsonsbehle.com
AMellem@parsonsbehle.com

*Attorneys for Defendants Shri Ganesh Yellowstone, LLC; Ganeshay Bozeman, LLC; and Purvish Soni*

## UNITED STATES DISTRICT COURT
## DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| JOSH EDLER,<br><br>    Plaintiff,<br><br>vs.<br><br>SHRI GANESH YELLOWSTONE, LLC; GANESHAY BOZEMAN, LLC; PURVISH SONI,<br><br>    Defendants. | **ANSWER TO COMPLAINT & DEMAND FOR JURY TRIAL**<br><br>Civil No. CV-25-19-BU-JTJ |

Defendants, by and through their counsel of record, hereby answer

Plaintiff's Complaint & Demand for Jury Trial as follows:

## **GENERAL DENIAL**

4931-2034-2097

Except as expressly admitted herein, Defendants deny the allegations in Plaintiff's Complaint.

## INTRODUCTION

1.    Defendants admit Plaintiff makes allegations in his complaint regarding the FLSA and the Montana Wrongful Discharge from Employment Act. Defendants deny the remaining allegations in Paragraph One.

## JURISDICTION AND VENUE

2.    Admit.

3.    Admit.

4.    Defendants admit that venue is proper. Except as expressly admitted, Defendants deny Paragraph Four.

## PARTIES

5.    Defendants lack information regarding Plaintiff's residence after approximately February 2024 and therefore deny that Plaintiff was a resident of Montana after that point. Defendants admit the remainder of Paragraph Five.

6.    Paragraph Six is a legal conclusion to which no response is required. To the extent a response is required, Defendants lack sufficient information regarding the allegations and characterizations in Paragraph Six and therefore deny.

4931-2034-2097

7.      Ganeshay Bozeman, LLC became registered in Montana in October 2022. Shri Ganesh Yellowstone, LLC became registered in Montana in October 2021. Except as expressly admitted, Defendants deny Paragraph Seven.

8.      Paragraph Eight is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

9.      Paragraph Nine is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

10.     Paragraph Ten is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

11.     Paragraph Eleven is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

12.     Paragraph Twelve is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

## FACTUAL ALLEGATIONS
### (Failure to Pay Overtime Compensation)

13.     Deny.

14.     Defendants admit that Shri Ganesh Yellowstone, LLC and Ganeshay Bozeman, LLC are businesses which operate motels. Defendants further admit that Shri Ganesh Yellowstone, LLC owns and operates a motel in Livingston, Montana

3

4931-2034-2097

and that Ganeshay Bozeman, LLC owns and operates a motel in Bozeman, Montana. Unless expressly admitted, Defendants deny Paragraph Fourteen.

15.     Defendants admit Plaintiff began doing work at the motel in Livingston, Montana owned by Shri Ganesh Yellowstone, LLC before doing work at the motel in Bozeman, Montana owned by Ganeshay Bozeman, LLC. Defendants further admit Plaintiff did work at both the motel in Livingston and the motel in Bozeman in early 2023. Unless expressly admitted, Defendants deny Paragraph Fifteen.

16.     Defendants admit Defendant Soni has an ownership interest in Shri Ganesh Yellowstone LLC. Defendants deny the remainder of Paragraph 16.

17.     Defendants admit that Defendant Soni had a conversation with Plaintiff in approximately early 2023 regarding doing work at the Bozeman and Livingston hotels and that a rate of pay was discussed. Unless expressly admitted, Defendants deny Paragraph Seventeen.

18.     Deny.

19.     Admit.

20.     Admit.

21.     Admit.

22.     Deny.

4931-2034-2097

23. Deny.

24. Deny.

## COUNT ONE
### (Fair Labor Standards Act Violations)

25. Defendants incorporate their answers to the foregoing paragraphs.

26. Paragraph Twenty-Six is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

27. Deny.

28. Deny.

## COUNT TWO
### (Fair Labor Standards Act Violations - Retaliation)

29. Defendants incorporate their answers to the foregoing allegations.

30. Defendants lack sufficient information regarding the allegations and characterizations in Paragraph Thirty and therefore deny.

31. Defendants lack sufficient information regarding the allegations and characterizations in Paragraph Thirty-One and therefore deny.

32. Deny.

33. Deny.

34. Paragraph Thirty-Four is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

4931-2034-2097

35.    Deny.

## COUNT THREE
### (State Law – Wrongful Discharge From Employment)

36.    Defendants incorporate their answers to the foregoing allegations.

37.    Paragraph Thirty-Seven is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

38.    Paragraph Thirty-Eight is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

39.    Paragraph Thirty-Nine is a legal conclusion to which no response is required. To the extent a response is required, Defendants deny.

40.    Deny.

41.    Deny.

## AFFIRMATIVE DEFENSES

1.    Plaintiff's Complaint fails to state a claim against any Defendant upon which relief can be granted.  There is an insufficient factual or legal basis for any claim against any Defendant.

2.    Some or all of Plaintiff's claims are barred by the statute of limitations.

3.    This action is barred to the extent Plaintiff seeks recovery for time which is not compensable under the Fair Labor Standards Act.

4931-2034-2097

4.     In the alternative, Defendants are entitled to offset consideration paid to Plaintiff by Defendants for periods in which Plaintiff was not engaged to work. The consideration paid to Plaintiff includes but is not limited to lodging and other benefits provided to Plaintiff under 29 C.F.R. § 203(m)(1).

5.     In the alternative, Plaintiff's wages were paid appropriately pursuant to 29 C.F.R. § 785.23, 29 USC § 207(f), *Walling v. A. H. Belo Corp.*, 316 U.S. 624, 625 (1942); and/or another arrangement permitted by the FLSA.

6.     Plaintiff deliberately prevented any Defendant from acquiring knowledge of hours worked or alleged overtime worked, and therefore any failure to pay such alleged hours is not a violation of the FLSA.

7.     No Defendant was a cause in fact or a proximate cause of any damages to Plaintiff.

8.     Any alleged damages to Plaintiff were caused by intervening or superseding causes.

9.     Plaintiff's claims are barred by the doctrines of laches, estoppel, and/or unclean hands.

10.    All Defendants acted in good faith with respect to Edler and had reasonable grounds to believe their actions were lawful.

11.    Plaintiff has failed to mitigate any alleged damages.

7

4931-2034-2097

12.     To the extent Plaintiff alleges damages for an alleged breach of Montana's Wrongful Discharge from Employment Act no Defendant is liable for those damages.

13.     Plaintiff's prayer for punitive damages under Montana law is not properly before the Court because Plaintiff has not complied with Montana Code Annotated § 27-1-221(5).

14.     Without assuming the burden of proof, Plaintiff did not work the hours claimed.

15.     Plaintiff may not seek duplicative damages for the same alleged injury.

16.     Plaintiff's WDEA claim is preempted by his federal claim for alleged retaliatory discharge, pursuant to Mont. Code Ann. § 39-2-912(1).

17.     Defendants reserve the right to amend this Answer and to add or modify affirmative defenses during or upon the conclusion of investigation and discovery.

## RELIEF REQUESTED

Plaintiff prays for judgment against Defendant as follows:

1.     For Plaintiff's Complaint to be dismissed with prejudice.

2.     For costs and attorney fees to the extent permitted by law or contract.

4931-2034-2097

3.      For such other and further relief as the Court deems just and proper.

DATED August 1, 2025.

PARSONS BEHLE & LATIMER

/s/Leah E. Trahan
Alissa M. Mellem
Leah E. Trahan

*Attorneys for Defendants Shri Ganesh*
*Yellowstone, LLC; Ganeshay*
*Bozeman, LLC; Purvish Soni*

9

4931-2034-2097

## CERTIFICATE OF SERVICE

I hereby certify that on this 1st day of August, 2025, I caused a true and correct copy of the foregoing to be delivered via the Court's electronic filing system, which sent notices to all counsel of record.

/s/Leah E. Trahan

4931-2034-2097